FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2006 FEB -6 PM 3:08

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS LYNCH, | Case No. 4:06 cv 3023 |
| Plaintiff, | |
| v. | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| AQUILA, Inc., | |
| Defendant. | |

Comes now the plaintiff, through counsel and for his Complaint against the defendant, states:

1. This is an action for declaratory, injunctive, monetary and other appropriate relief necessary to redress the defendants' violation(s) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section(s) 12101 et seq., and the Nebraska Fair Employment Practices Act ("NFEPA"), N.R.S. Section(s) 48-1101 et seq.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section(s) 12101 et seq. and 28 U.S.C. 1331, 1343, 2201 and 2202. This Court has jurisdiction of the plaintiff's state law claim(s) based on the doctrine of pendent jurisdiction.

3. Plaintiff, Thomas Lynch is a resident of Nebraska and has been a resident of Nebraska at all times relevant to the instant action.

4. Defendant, Aquila, Inc. ("Aquila") is a corporate entity conducting business in Nebraska.

5. Defendant is an "employer" as defined by the ADA as it engages in industry affecting commerce and employs fifteen (15) or more employees and has done so at all times relevant to the instant action.

6. All unlawful activities for which redress is sought through this Complaint occurred in Nebraska.

7. Plaintiff timely filed a charge of discrimination with the Nebraska Equal Employment Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC") alleging that defendants discriminated against him by violating the ADA and the NFEPA.

8. Plaintiff was issued a Right to Sue Letter by the EEOC, a true and correct copy of which is attached hereto and marked as Exhibit "A".

## FACTS

9. On or about June 24, 2004, plaintiff, a quadriplegic, applied, on-line, for a customer service position with defendant.

10. The position for which plaintiff applied was to be performed on a computer.

11. The plaintiff was informed by the defendant, through its representative, that the application process entailed a multiple choice test, on paper, with a timed transcribing section. As plaintiff's aforementioned physical disability precluded him from performing the transcription function of the test within the prescribed time parameters, he inquired if he could take said test on a computer. The representative indicated to him that the test was not offered on the computer. He then inquired if he could bring an individual to assist him with the transcription aspect of the test at which he was informed by the representative that he could not. He then inquired whether defendant was willing to make any accommodation that would allow him to take the required test at which the representative indicated that no accommodation would be provided to him.

## COUNT I

12. Plaintiff incorporates paragraphs 1 – 11 as if fully set forth herein.

13. The defendant(s) refusal to provide plaintiff with the sought reasonable accommodation violates the ADA.

14. As a direct and proximate result of the defendant(s) aforementioned illegal conduct, plaintiff has suffered lost wages and benefits, undue hardship, humiliation, loss of enjoyment of life and mental anguish.

2

15. Defendant's actions are willful and/or recklessly indifferent to the plaintiff's federally protected rights. Punitive damages are appropriate.

## COUNT II

16. Plaintiff incorporates paragraphs 1 – 11 as if fully set forth herein.
17. The defendant's refusal to engage in an interactive process to determine whether a reasonable accommodation could have been provided to the plaintiff regarding the testing procedures used incident to the hiring process for the sought position violates the ADA.
18. As a direct and proximate result of the defendant's aforementioned illegal conduct, plaintiff has suffered lost wages and benefits, undue hardship, humiliation, loss of enjoyment of life and mental anguish.
19. Defendant's actions are willful and/or recklessly indifferent to the plaintiff's federally protected rights. Punitive damages are appropriate.

## COUNT III

20. Plaintiff incorporates paragraphs 1 – 11 as if fully set forth herein.
21. The defendant's actions set forth above violate the Nebraska Fair Employment Practices Act for the same reason(s) set forth in the preceding counts in this complaint.
22. As a direct and proximate result of the defendant's aforementioned illegal conduct, plaintiff has suffered lost wages and benefits, undue hardship, humiliation, loss of enjoyment of life and mental anguish.

WHEREFORE, plaintiff respectfully requests that this Court assume jurisdiction herein and grant the following relief:

a. Declare the conduct of the defendant's to be violative of the rights of plaintiff Thomas Lynch under the Americans with Disabilities Act and/or the Nebraska Fair Employment Practices Act.

b. Award plaintiff compensatory back pay, reinstatement or front pay in lieu thereof, lost benefits, compensatory damages, punitive damages, attorney's fees and costs and such other and further relief as justice and equity require.

THOMAS LYNCH, Plaintiff

By: /s/*Paul D. Boross*
Paul D. Boross #20878
941 "O" Street, #708
Lincoln, NE 68508
(402) 474-6100
Attorney for Plaintiff

## JURY DEMAND

The plaintiff hereby requests a jury trial in Lincoln, Nebraska.

/s/*Paul D. Boross*

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Thomas Tom Lynch<br>6440 Starr St #3<br>Lincoln, NE 68505 | From: | Denver District Office<br>303 East 17th Avenue<br>Suite 510<br>Denver, CO 80203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2004-01130 | Ronald L. Houser,<br>State and Local Coordinator | (303) 866-1340 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Jeanette M. Leino_ (signature)

Jeanette M. Leino,
Acting Denver District Director

DEC 0 5 2005
(Date Mailed)

Enclosure(s)

cc: Bret Atkins
AQUILA, INC
P O Box 83008
Lincoln, NE 68501