```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| THOMAS LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3023 |
| | ) | |
| v. | ) | |
| | ) | |
| AQUILA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Pending before me is the defendant's motion to amend its answer to add an affirmative defense. Filing 58. The defendant's current answer raises several affirmative defenses, including:

> Aquila exercised good faith in its effort to comply with all applicable statutes and, thus, may not be vicariously liable for punitive damages based upon alleged discriminatory conduct or employment decisions of its agents, which are contrary to Aquila's good faith efforts to comply with all applicable statutes.

Filing 16 (Answer), affirmative defense ¶ 22 at p. 6; filing 15 (Report of Parties' Planning Conference), 20th affirmative defense at p. 8.

The foregoing affirmative defense parallels the law set forth in Kolstad v. American Dental Ass'n, 527 U.S. 526, 543 (1999). To further the purposes of Title VII, Kolstad held that in an action alleging discrimination, the criteria for awarding punitive damages against an employer must be more restrictive than under common law. While common law permits imposition of punitive damages when the malfeasing agent "was employed in a managerial capacity and was acting in the scope of employment," if such a rule was applied in Title VII cases, "an employer who makes every effort to comply with Title VII would be held liable

for the discriminatory acts of agents acting in a managerial capacity." Kolstad, 527 U.S. at 544. Kolstad held that when an employer has undertaken good faith efforts at Title VII compliance, it has demonstrated that it did not act in reckless disregard of federally protected rights, and imposing punitive damages despite these efforts whenever a managerial employee commits a discriminatory act would reduce the incentive to implement anti-discrimination programs. Kolstad, 527 U.S. at 544. Kolstad therefore held:

> The purposes underlying Title VII are . . . advanced where employers are encouraged to adopt anti-discrimination policies and to educate their personnel on Title VII's prohibitions.
>
> Recognizing Title VII as an effort to promote prevention as well as remediation, and observing the very principles underlying the Restatements' strict limits on vicarious liability for punitive damages, we agree that, in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII. . . . [G]iving punitive damages protection to employers who make good-faith efforts to prevent discrimination in the workplace accomplishes Title VII's objective of motivating employers to detect and deter Title VII violations.

Kolstad, 527 U.S. at 545.

Accordingly, from the outset of this litigation, the defendant's answer, interpreted in the context of the Supreme Court law governing this case, raised the issue of whether the defendant had implemented anti-discrimination policies in a good faith effort to prevent workplace discrimination, irrespective of whether the alleged discriminatory conduct was committed by a managerial employee. The defendant's answer served to place the

plaintiff on notice that the existence and content of defendant's anti-discrimination policies, and the implementation of those policies, would be a subject of litigation.

The defendant's motion to amend seeks leave to add the following allegation:

> To the extent Pat Powers discriminated against Plaintiff, which Aquila denies, Aquila is not vicariously liable for such acts because Pat Powers did not have substantial discretionary authority over significant aspects of Aquila's business and/or the ability to set or modify corporate policy.

Filing 58 (Motion for Leave to File Amended Answer), ¶ 3, and ex. A (Proposed Amended Answer), affirmative defenses, ¶ 23 at p. 6-7.  The defendant claims this proposed additional affirmative defense was essentially raised in its initial answer--the proposed amendment clarifies but does not change the answer filed at the outset of this litigation.  The plaintiff claims the defendant is raising a new defense which will require additional discovery, and therefore result in trial delay and expense to plaintiff's prejudice.

Generally speaking, the "authority that the employer has given to the employee, [and] the amount of discretion that the employee has in what is done and how it is accomplished," is not the relevant inquiry in determining whether an employer may be liable for punitive damages in Title VII actions.  <u>Kolstad</u>, 527 U.S. at  543.  The company's policies, or the lack thereof, and its good faith effort in implementing these policies, determine whether punitive damages may be awarded.  Therefore, the focus of defendant's proposed additional affirmative defense is directed at specifically alleging that Pat Powers was not vested with the

authority to adopt and/or change any of the defendant's anti-discrimination policies.

Since the employer's good faith attempts to implement anti-discrimination policies, and the origin, existence, and content of such policies was placed at issue by the allegations of the defendant's answer, the defendant's proposed additional affirmative defense is more specific, but it does not raise new and unforeseen areas for discovery and trial preparation. The plaintiff will not be prejudiced by the filing of defendant's proposed amended answer.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion to file an amended answer, filing 58, is granted.

2. The defendant shall file its amended answer, a copy of which is attached to its filing 58 motion to file an amended answer, on or before September 22, 2006.

DATED this 19th day of September, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge